STATE, EX REL. JOHN D. ZEILINGER, APPELLANT, V. EDGAR THOMPSON, APPELLEE.

279 N. W. 462

FILED MAY 6, 1938. No. 30208.

*Waring & Waring*, for appellant.

*C. E. Sandall*, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an action in *quo warranto* brought in the district court for York county to test the right to the office of county judge of that county, of the respondent, Edgar Thompson. The relator and claimant to the office is John D. Zeilinger. The trial court sustained a demurrer to the information and dismissed the action. The relator appeals.

It appears from the record that the relator and one George W. France were regularly nominated for the office of county judge for the term commencing in January, 1937. The county clerk, in making up the general election ballot, included a blank line below the names of the regularly nominated candidates in order that the electors, if they desired, might write in the name of some other person for the office. At the general election held on November 3, 1936, the respondent, Edgar Thompson, received more votes by having his name written in for the office than either of the two regularly nominated candidates. A certificate of election was issued to respondent and he thereupon qualified and has held the office since January, 1937. Relator, who had the next highest number of votes, also qualified by giving bond and taking the oath of office but has never taken over the office because of the alleged wrongful act of the respondent in holding it.

The question for determination is whether the blank line provided for the writing in of a name for the office of county judge was proper and whether the respondent, after receiving the highest vote for the office by having his name written in, was lawfully elected to the office.

The nonpartisan judiciary act, sections 32-1201 to 32-

1208, Comp. St. Supp. 1937, with its amendments, is a statute complete in itself and relates to an independent subject. *State v. Penrod,* 102 Neb. 734, 169 N. W. 266. It is an elementary rule of construction that special provisions in an act relating to particular subject-matter will prevail over general provisions in other statutes, so far as there is a conflict. *Williams v. Williams,* 101 Neb. 369, 163 N. W. 147. Also, the mere fact that an act of the legislature adopts the provisions of prior acts by reference thereto does not render the new act amendatory of the acts to which reference is made, if in other respects it is a complete act in itself. *State v. Ure,* 91 Neb. 31, 135 N. W. 224.

The nonpartisan judiciary act makes no provision for the adding of lines for the convenience of the voter in writing in a name of a person for the office that is not printed on the ballot. Relator contends that the words "but in no event shall the names on the official ballot in each office division be more than twice the number of offices to be filled at the said general election" and "the candidate or candidates receiving the highest number of votes at said general election shall be declared duly elected to the office or offices for which they were candidates," contained in section 32-1203, Comp. St. Supp. 1937, prohibit the adding of a line below the names of the regularly nominated candidates for write-in purposes. It is our opinion that this section means that the regular candidates shall be the only candidates whose names shall be *printed* on the ballot and does not prohibit the writing in of names for the office. In a case involving like statutory provisions, this court said: "We understand the provision that the only candidates 'whose names shall be placed upon the official ballot' (sec. 7) at the city election means that these are the only candidates whose names shall be printed on the official ballot, and we find no prohibition against any voter inserting the names of such other persons as he may desire to vote for." *State v. Ure, supra.* We conclude that the nonpartisan judiciary act does not prohibit the writing in of names on the nonpolitical ballot or the placing of blank

lines for the convenience of voters desiring to write in the names of other candidates.

The general election law of this state provides in part as follows: "In each division, and beneath all candidates placed there by nomination or petition, a blank space shall be provided, into which electors may write the name of any person for whom they wish to vote and whose name is not printed upon the ballot." Comp. St. 1929, sec. 32-508. It is apparent that the legislature never intended to limit the voter to the candidates whose names appear on the ballot, under the general election laws of this state, but left to him the choice of writing in the name of any person for whom he desired to vote. The nonpartisan judiciary act also provides: "In all other respects the general laws in force in this state respecting the holding, conducting and declaring the results of any such general election shall apply so far as the same are applicable and not inconsistent with the provisions of this act." Comp. St. Supp. 1937, sec. 32-1203. In commenting upon these very provisions of our statutes, this court said: "Thus it is plain this judicial act provides that every section of the election laws of this state shall be read into and become a part of this act in so far as they are not in conflict with the provisions of the act, and necessary to its plan and purpose, and every printed official ballot of this nonpartisan judicial act provides, according to law, a blank space for the voter to write in the name of any one whom he wishes to vote for. In other words, it is the statutory provision of the election laws of this state that a blank space be left for persons not named 'in each division, and beneath all candidates placed there by nomination or petition, a blank space shall be provided, into which electors may write the name of any person for whom they wish to vote and whose name is not printed upon the ballot.' Rev. St. 1913, sec. 1995. Thus it is the policy of the election laws of this state to make the provision so liberal and unhampered that a voter can exercise the right of suffrage for whomever he pleases, and shall not be bound to vote exclusively for those whose names

are printed on the ballot, but for any one whom he chooses to vote for, by writing in his name and placing a cross opposite." *State v. Hogeboom*, 103 Neb. 603, 173 N. W. 589.

In *State v. Penrod, supra,* this court said: "The non-partisan act having no such provision, and its language seeming to contemplate that there may be but one candidate at the general election, we are convinced that it was the legislative intent that the candidates whose names appear on the nonpartisan ballot at the general election must be restricted to such candidates as have been nominated under that act at the primary. Of course, this does not prevent the voter from writing on the ballot at the general election the name of any person for whom he wants to vote." While the last sentence of the above quotation states a proposition that was not before the court for decision in that case, nevertheless it is some indication of the interpretation that was placed upon it at that time by this court. We believe that it properly states the law in the case at bar.

It appearing that the nonpartisan judiciary act makes neither a provision for nor a prohibition against the placing of blank lines below the list of regularly nominated candidates for the convenience of electors desiring to vote for persons whose names were not printed on the ballot by writing in their names, the general election laws with reference thereto are applicable under the express provisions of the nonpartisan judiciary act. This being true, the county clerk properly placed the blank lines for write-in purposes on the ballot and the votes written in for respondent were properly counted. The trial court was right in sustaining the demurrer to relator's information.

AFFIRMED.