MARLIN C. YOUNG, APPELLEE, v. SARAH C. FIGG ET AL., APPELLANTS.

FILED JUNE 30, 1904.   No. 13,579.

Action: VENDOR'S LIEN: DEFENSE. To an action by a vendor against a vendee of real estate in undisputed possession of the premises, to enforce a lien upon the lands for an unpaid residue of the purchase price, want of title in the vendor at the time of the sale or afterwards is no defense.

APPEAL from the district court for Sarpy county: GEORGE A. DAY, JUDGE. *Affirmed.*

*George A. Magney, Elmer S. Nickerson* and *Wright & Stout,* for appellants.

*Anthony E. Langdon, contra.*

AMES, C.

This is an action in equity by a vendor in an executory contract for the sale of real estate to charge an unpaid

residue of the purchase price as a lien upon the land and obtain a decree of foreclosure and sale for its satisfaction in like manner as in case of a mortgage. The making of the contract itself is put in issue, but the findings of the district court, upon what we think is sufficient evidence, establish its existence and the possession of the defendant under it.

It is first contended that the vendor was not at the time the contract was made, and is not now, the owner of the legal title to the lands in question but that it belongs to a third person. The doctrine was established in this state so long ago as *Scott v. Twiss,* 4 Neb. 133, and, so far as we know, has never since been questioned, that this fact, if it exists, cannot be availed of by a vendee in undisturbed possession as a defense to an action to enforce a lien for the purchase price upon the land.

Secondly it is objected that the land lies outside of the territorial limits of Sarpy county and that therefore the district court for that county had no jurisdiction of the action. A careful examination of the evidence upon this point convinces us that it is not in substantial conflict, and that it abundantly supports the finding of the trial court in that regard, which is as follows:

"The court further finds that after the original government survey of Iowa and Nebraska the Missouri river slowly and gradually receded from the southerly meander line of Bellevue Island toward the south and southeast and that about the year 1881 that portion of the Missouri river running west of Bellevue Island abandoned its course also running east of the island. That during the years from the time of the government survey of Nebraska of 1856 down to the present time the lands in question were added slowly and gradually and imperceptibly on the southerly portion of Bellevue Island by the slow, imperceptible and gradual deposit of alluvium and accretions to said island and to the state of Nebraska."

The boundary line of the state at the place mentioned is also the eastern boundary of Sarpy county, so that the

contention of the defendants that the land lies between that boundary and the Iowa state line is disposed of under this finding by section 2, article I, chapter 18 of the Compiled Statutes (Annotated Statutes, 4420), which reads as follows:

"In all cases where any organized county lies adjacent to any boundary line of this state, and it shall appear that any island, territory or tract of land lies between such county and the state boundary, and is not included within the defined boundary of any organized county, and is not a military reservation of the United States, such unincluded island, territory or tract of land shall attach to and be a part of such adjacent county for all purposes, until otherwise provided by law."

If this provision of the statute were not applicable, the jurisdiction of the court, at all events, would be unquestionable under the provisions of section 146 (Annotated Statutes, 4495) of the same article.

The district court found generally and specially for the plaintiff and entered a judgment as prayed. The defendants appealed.

It is recommended that the judgment be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.