LUVERNE A. WILLIAMS, APPELLEE, V. CHARLES E. WILLIAMS, APPELLANT.

FILED MAY 19, 1917. No. 19273.

1. **Divorce: SERVICE OF PROCESS.** Section 1571, Rev. St. 1913, is a special statute relating to a special subject. The act, as amended, construed, and *held* that under this section in an action properly brought in this state personal service of summons outside of the state is sufficient.

2. ————: **SUFFICIENCY OF EVIDENCE.** The testimony examined, discussed in the opinion, and *held* sufficient to sustain a decree of divorce.

3. ————: **JURISDICTION.** In pursuance of section 1571, Rev. St. 1913, the district court has jurisdiction to grant a divorce in a proper case in any county where the parties, or one of them, reside.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Strode & Beghtol,* for appellant.

*Lincoln Frost* and *Guy T. Tou Velle, contra.*

DEAN, J.

This is a divorce action commenced on April 15, 1914, by Mrs. Luverne Williams, plaintiff, against her husband, Charles A. Williams, defendant, in the district court for Lancaster county. Plaintiff obtained a decree, and defendant appealed.

A summons, issued in pursuance of section 1571, Rev. St. 1913, was served on defendant in Colorado. He appeared specially, basing his objection to jurisdiction of the person "on the ground that the statute expressly requires the case in which such service is made be commenced in the county in which the cause of action arose." Defendant also contends that the manner of serving the notice in suit is found in section 7644, Rev. St. 1913, and argues that the two sections should be construed together. The special appearance was overruled to which defendant excepted.

101 Neb.—24

An affidavit showing the nonresidence of defendant was filed preliminary to an effort made to obtain service by publication that was not perfected. The summons was dated April 15, 1914, and directed to the sheriff of Lancaster county, who on the same date by indorsement thereon appointed E. I. Cooke of Larimer county, Colorado, special deputy to make service and return of the writ on or before April 27, 1914. The return is under oath showing service on defendant April 17, 1914, by copy delivered to defendant in person in Larimer county, Colorado, requiring him to answer on or before May 18, 1914.

Section 1571, Rev. St. 1913, is a special statute relating only to divorce. The statute follows: "A petition or bill of divorce, alimony and maintenance may be exhibited by a wife in her own name, as well as by a husband, and in all cases the respondent may answer such petition or bill without oath. No person shall be entitled to a divorce unless the defendant shall have been personally served with process if within this state, or with personal notice duly proved and appearing of record, if out of this state, or unless the defendant shall have entered an appearance in the case; but if it shall appear to the satisfaction of the court by the affidavit of the petitioner or of his or her attorney that the petitioner does not know the address or residence of the defendant, and has not been able to ascertain either, after reasonable and due inquiry and search continued for three months after the filing of the petition, the court or judge in vacation shall authorize notice by publication of the pendency of the suit for divorce, to be given in a manner as provided in other cases under the Code of Civil Procedure."

All that part of section 1571 following the first sentence was added by amendment in 1909. The legislature seems to have divided the amendment with respect to personal service on defendants into two parts, namely: The first part relating to service on a defendant within the state; the second part to service on a defendant out of the state. The summons, its service and return were in all respects

regular, and it follows the trial court properly overruled the special appearance. The special divorce statute serves the good purpose of requiring a plaintiff to give a nonresident defendant in a divorce action whose address is known actual notice of the pendency of the suit. Rev. St. 1913, sec. 8574.

*State v. Cornell,* 53 Neb. 556: "It is a well-settled rule of construction that special provisions in a law relating to particular subject-matter will prevail over general provisions in other statutes so far as there is a conflict." To the same effect are the following: *Richardson County v. Miles,* 14 Neb. 311; *Albertson v. State,* 9 Neb. 429; *McCann v. McLennan,* 2 Neb. 286.

Defendant next contends that the court was without jurisdiction of the subject-matter, alleging that the cause arose out of the state, and that plaintiff did not reside within the state for two years next before bringing the suit. With respect to residence the following among other facts appear: The parties were married in 1898 in Springfield, Massachusetts, and soon after they came to Lincoln and resided until about 1905, when they removed to Colorado. Two children were born to them, a boy and a girl, now about 18 and 16, respectively. In 1909 plaintiff purchased a ten-acre tract of land within a convenient distance of Lincoln for a home, on which a substantial house was afterwards built by her as a residence for the family, being completed in 1912, and from thence being the family residence and home. After the Lincoln tract was bought, the Williams family continued their residence in Colorado until February 1, 1912, when Mrs. Williams came to Lincoln, bringing one of her minor children with her. On March 28, 1912, the remaining minor child and Alice Williams, a girl of 17, who made her home with the family, joined her at Lincoln, and plaintiff and her children resided continuously in Lincoln from that time until suit was begun, with the exception of a brief vacation period in the summer months of 1912. The testimony throughout discloses that it was plaintiff's *bona fide* intention to reside

permanently in this state, and that in pursuance of such intention she made Lancaster county her home continuously, except for a vacation period noted elsewhere, from the time of her arrival on February 1, 1912, until this suit was begun on April 15, 1914, and that she was then and for more than two years had been a resident of Lancaster county, Nebraska.

It is elementary and it is the universal rule that residence in a community is determined by the intention of the parties. *Swaney v. Hutchins,* 13 Neb. 266; *Chesney v. Francisco,* 12 Neb. 626; *People v. McClay,* 2 Neb. 7. Defendant's argument that a wife cannot have a residence separate and apart from that maintained by her husband is not supported by statute nor by the authorities. Section 1567, Rev. St. 1913, provides generally that a divorce may be decreed by the district court of the county "where the parties, or one of them, reside." *McConnell v. McConnell,* 37 Neb. 57. *Eager v. Eager,* 74 Neb. 827, holds that the district court has jurisdiction "to hear and determine an action for divorce in any county in the state where the parties, or one of them, reside." The rule is generally recognized. In *Vence v. Vence,* 15 How. Pr. (N. Y.) 497, it is held: "The common-law maxim, that the domicile of the wife follows that of the husband, has no application in actions for a divorce, where a separation has actually taken place, and where the very proceedings in the action are to show that the relation of husband and wife should be dissolved, or so far modified as to establish separate interests, and especially of bed and board, and of domicile and home." *Jones v. Jones,* 60 Tex. 451; *Johnson v. Johnson,* 12 Bush (Ky.) 485; *Cain v. Cain,* 5 Pa. Co. Ct. Rep. 669.

When plaintiff married defendant, or very soon thereafter, she became the owner by inheritance of property of the value of about $63,000. The defendant was almost destitute of means. While they lived together in Lincoln defendant attended the state university for about three years, plaintiff in the meantime supporting the family and

maintaining the household. Sometime after defendant completed his education at the state university the parties moved to Colorado, and their marital troubles seemed to increase, notwithstanding that plaintiff purchased and presented to defendant a valuable ranch in that state.

In 1913 plaintiff begun in Colorado and prosecuted to judgment a suit against defendant for divorce. Defendant made no appearance at the trial. Afterward he attacked the judgment, and on his application supported by affidavit, in which he alleged that his wife was then a resident of Lincoln, Nebraska, the judgment was vacated and the cause held for retrial, but before it was reached Mrs. Williams dismissed the action. Defendant now argues that plaintiff should not be permitted to maintain this action because of statements made by her in her petition in the Colorado case with respect to residence. Whatever may have been the fact in that case, it appears that the defendant not only in his affidavit alleged that plaintiff was at that time a resident of Nebraska, but procured a vacation of the judgment that was followed by a dismissal. Confronted as defendant is with his affidavit in the Colorado suit, he is not now in position to change his ground and contradict his own affidavit and his plea then made that plaintiff was a resident of Lincoln, Nebraska, in 1913.

The trial occupied four days. It was not shown that defendant at any time supported his wife or his two children, though of sufficient ability to do so. He was about 42 years of age at the time of the trial, strong and vigorous in mind and body, an athlete, highly educated, and no sufficient reason appears why he could not have earned a comfortable living for his family. The testimony fairly shows that the defendant, instead of aiding to conserve the estate of his wife and endeavoring to support and maintain her and his children, was a positive factor in its dissipation. The trial court found "generally for the plaintiff and against the defendant, upon the issue of nonsupport, and found that the defendant, though being of

sufficient ability to provide and to furnish fitting and suitable maintenance and support to the plaintiff, has grossly, wrongfully and cruelly failed and refused so to do."

From a review of the record we are of opinion the district court would have been justified in granting the divorce on grounds other and additional to those named in the decree and that were supported by competent testimony. But no good nor necessary purpose would be subserved by a discussion herein of that feature of the case.

The judgment of the district court is right, and is

                                        AFFIRMED.

CORNISH, J., not sitting.