MARY A. ELLIS, APPELLANT, V. THALBERGE H. ELLIS, APPELLEE.

FILED JUNE 9, 1927. No. 25791.

1. **Divorce:** ABANDONMENT. Under section 1516, Comp. St. 1922, a divorce may be granted "when either party shall wilfully abandon the other without just cause, for the term of two years." However, before a charge of abandonment can be sustained, it must be shown that the door of the home has remained open for the repentance and return of the absent husband or wife for the full term.

2. ——: ——: LIMITATIONS. In such a case, if by the acts of the accusing party this door is closed against the other, such acts toll the running of the statute.

3. ——: ——. While à divorce proceeding is pending, the parties must live separate and apart, and, as such a separation is not wrongful, a charge of abandonment cannot be based thereon.

4. ——: SUFFICIENCY OF EVIDENCE. Evidence examined, and found insufficient to support a decree of divorce on the ground of abandonment, but sufficient to sustain such a decree on the ground of extreme cruelty as against the plaintiff and in favor of the defendant.

APPEAL from the district court for Lancaster county: MASON WHEELER, JUDGE. *Reversed, with directions.*

*T. F. A. Williams* and *Homer L. Kyle,* for appellant.

*G. E. Hager, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

The parties to this suit are husband and wife, the former 68 years of age, the latter 62. Each had been previously married, and had grown children. Plaintiff, the wife, seeks to obtain a decree for separate maintenance, her petition being in usual form and based on alleged facts indicating extreme cruelty on the part of the husband. The husband admits the marriage, also that he is the owner of certain properties described in the petition; denies each and every other allegation, and pleads by way of a cross-petition extreme cruelty on the part of the plaintiff, and prays for an absolute divorce. After the issues had been duly joined and the evidence taken, defendant asked to amend his cross-petition by adding thereto a count in which he charged that the plaintiff had without just cause abandoned him for more than two years then last past. To such amendment the plaintiff lodged an objection that, not counting the time that had elapsed since the defendant

filed his cross-petition charging cruelty, two years had not run from the time that plaintiff left the home of the defendant. This objection was overruled, and the case submitted on the evidence. The court found against the plaintiff on her claim for separate maintenance, against the defendant on his charge of extreme cruelty, but in favor of defendant and against plaintiff on the ground of abandonment for more than two years, and entered a decree granting an absolute divorce from the plaintiff. To reverse the finding that plaintiff was not entitled to separate maintenance, and the finding of abandonment on the part of the plaintiff, she appeals. To reverse the finding in favor of the plaintiff and against the defendant as to the extreme cruelty charged by defendant, he appeals. Hence, the case is before us for trial *de novo* on every issue that was raised in the lower court.

A statement of the facts involved, further than as above indicated, save and except as to the charge of abandonment, would serve no good purpose.

As to the abandonment: The record shows that plaintiff left the family home of defendant at Bethany, September 15, 1924. She commenced this suit November 18, 1925. Defendant's first answer was filed December 21, 1925. The suit was tried June 24 to June 28, 1926, when each party rested their case, and the same was taken under advisement by the court. On October 1, 1926, the defendant, by leave of court, withdrew his rest and asked and was granted leave, over objections of plaintiff, to amend his cross-petition by adding a count charging that plaintiff wilfully and without just cause, abandoned the defendant and absented herself from his home September 15, 1924, and has so absented herself ever since. Was there an abandonment for two years, as contemplated by statute?

The plaintiff was not seeking a divorce, but simply asking the defendant to comply with his marital contract by providing her with reasonable maintenance. It will be noticed that at the time the defendant interposed his

answer and cross-petition charging the plaintiff with extreme cruelty and praying a divorce by reason thereof, the plaintiff had been absent a year and three months; and that at the time defendant amended his cross-petition to include abandonment the two years required by statute had not elapsed, unless there is added nine months accruing after the original answer was filed and the suit pending. Under section 1516, Comp. St. 1922, a divorce may be granted "when either party shall wilfully abandon the other without just cause for the term of two years." However, before a charge of abandonment can be sustained, it must be shown that the door of the home has remained open for the repentance and return of the absent husband or wife for the full term. If by the acts of the accusing party this door is closed against the other, so long as such acts remain effective the running of the statute is abated, and a cause of action by reason of such departure does not accrue. It is elementary that while a divorce proceeding is pending the parties must live separate and apart. Such a separation is not wrongful, hence a charge of abandonment cannot be based thereon. In filing his cross-petition charging his wife with extreme cruelty and praying for a divorce, the defendant thereby intended to, and did, deny to her the right of repentance and return, and as the law conclusively presumes from such acts such an intent, he cannot gainsay or deny it. We therefore conclude that such tacking of time cannot be had, and that the trial court erred in holding to the contrary. The decree of the court granting the defendant a divorce on the ground of abandonment must be, and is, set aside.

Further considering the contentions of the defendant, was he entitled to a divorce on the ground of extreme cruelty? These parties each have their own separate family ties; each has lived beyond the years of what may be said to be that of an ordinary span of life; each has grown children devotedly attached to their respective parents; and it should be said to their credit that these children have been extremely considerate of their respective duties

Ellis v. Ellis.

toward each of these contesting parties.   Hence, we feel
that we owe it to each and all connected with this unfortu-
nate situation not to set forth in detail the facts reflected
by the record leading to our conclusion.   It is sufficient
to say that we have, with much care, considered the en-
tire record, and find that the evidence amply supports the
allegations of defendant's cross-petition wherein the plain-
tiff is charged with extreme cruelty, and further find that
the defendant is entitled to a decree of divorce as prayed
by reason of such cruelty.

As to the question of alimony:   Each of the parties at
the time of their marriage, as well as at the time of the
trial, was the owner and possessed of independent prop-
erties, which were respectively acquired prior to their
marriage.   The defendant's properties, however, as shown
by the evidence, were in extent and value at the time of the
trial about the same as they were at the time of the mar-
riage, while that of plaintiff had been reduced from $9,000
to $3,000, partly on account of the fact that she had con-
tributed thereof to the support of the family.   Further,
it may be said in behalf of this plaintiff that she aided
in safeguarding and protecting this property held by her
husband in a wifely way for something like eight years.
From these and other facts reflected by the record, we
conclude that in good conscience there should be awarded
to the plaintiff, as alimony, to be paid by the defendant
as a part of the judgment and decree to be entered herein,
the sum of $3,000, payable within nine months from the
entering of final judgment herein, without interest, and
in lieu of all awards heretofore made and not paid, includ-
ing attorney fees; and that the defendant be taxed with
the costs of this action.   It is further considered that the
petition of the plaintiff is without supporting evidence,
and therefore should be dismissed.

The judgment of the trial court is reversed and the
cause remanded, with directions to enter judgment in har-
mony with this opinion.

REVERSED.