LOIS M. WRIGHT, APPELLEE, v. CLARENCE K. WRIGHT, APPELLANT.

43 N. W. 2d 424

Filed July 6, 1950. No. 32793.

*Harold Rice* and *Julius D. Cronin,* for appellant.

*Elven A. Butterfield* and *Lynn D. Hutton,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff sought a divorce from the defendant on the ground of extreme cruelty. Defendant resisted, and sought a divorce from the plaintiff on the ground of adultery and extreme cruelty. The trial court granted plaintiff a divorce, awarded the custody of the children to her, and made distribution affecting the property of the parties. Defendant appeals. We reverse the judgment of the trial court, and dismiss plaintiff's petition and defendant's cross-petition.

The parties were married in 1937. In 1938, a son, and, in 1940, a daughter were born to the parties. They had little of material goods when they were married. They lived and worked together, raised two good children, and accumulated substantial property holdings.

There is evidence of discord over absences of the defendant from home and business, inattention to family affairs and duties, and labors expected of and performed by the wife. There were acrimonious discussions and

controversies. Plaintiff testified that in August 1948, a dispute arose resulting in a battery of her by the defendant. The testimony is without corroboration except as to one detail. The plaintiff testified that the defendant left home, and that three days later she wrote him and asked him to return, which he did, and the family life and routine were restored and continued.

There is evidence on the part of the defendant that in June 1949, he returned home unexpectedly. He testified to facts which he contends established adultery on the part of the wife on the night of and immediately prior to the time of his return. The evidence is without corroboration. It appears that the events described did not in anywise affect the normal routine of the home and that the relationship of husband and wife thereafter continued between the parties. Defendant, to support his charge of cruelty, testified to other acts of his wife and one Beach which he claims occurred in his presence. It taxes credulity to believe that a husband would stand by silent and inactive under the circumstances related. The testimony is not corroborated.

The latter part of July 1949, plaintiff was ill with an infected tooth. She testified that defendant failed to help care for the children. On August 8, 1949, she filed petition for divorce. She alleged cruelty generally as above outlined, and specifically as to assault and battery in August 1948. On the same day the defendant filed a voluntary appearance reserving the right to plead. His signature was witnessed by plaintiff's attorney. Defendant left the home after the action was started and returned on August 26, 1949.

Sometime prior to August 20, 1949, defendant and plaintiff's father went on a fishing or hunting trip together. On that night the corroborated evidence establishes indiscreet conduct on the part of the plaintiff. The evidence as to adultery on that occasion is circumstantial and, if believed, would be sufficient to establish it under the rule last stated in Cook v. Cook, 141 Neb.

294, 3 N. W. 2d 450. The trial court, having heard this testimony and observed the witnesses, made no finding favorable to it. There also are in defendant's evidence circumstances shown which cast serious doubt upon such a conclusion. For reasons stated hereinafter we make no conclusion on that matter.

Defendant was fully advised within four or five days of what the circumstances were on August 20, 1949. On August 26, 1949, during the temporary absence of the plaintiff from the home, defendant and plaintiff's brother took the children from the home to the home of plaintiff's parents. Plaintiff went there. The situation was discussed. A reconciliation followed. Plaintiff, defendant, and the two children returned to their home that day and resumed family life. They slept in the same house and ate at the same table. Defendant continued to furnish the necessaries of life. On August 27, 1949, the parties and the children went to a circus and returned home that night, for aught that appears, a happy family. Plaintiff testified that that amicable situation continued for several weeks. Defendant testified that it continued for two days.

Plaintiff testified that they had sexual intercourse on August 26, 1949, the next night, and on occasion thereafter until September 19, 1949. Defendant was unable to testify when the last act of intercourse occurred, but fixed it as sometime prior to August 20, 1949. The parties continued to live in the same house down to and including the days of the trial. Plaintiff testified that she did the defendant's washing and ironing the week of the trial.

Plaintiff testified that in November 1949 at a hearing in the courtroom before trial, defendant became angry; that she read his lips as he whispered; and that he threatened to kill her. Others were present but there is no corroboration.

It does not appear when defendant filed his answer and cross-petition. It does appear that on September

24, 1949, plaintiff filed a motion to make more definite and certain the allegations of defendant's answer and cross-petition as to adultery. On September 27, 1949, defendant filed his amended answer and cross-petition in which he alleged adultery in June 1949, and on August 20, 1949, and alleged extreme cruelty based "on an affair" of the plaintiff and one Beach. Plaintiff filed a reply denying generally on October 7, 1949. The matter went to trial beginning on November 21, 1949. At the close of the trial plaintiff amended her reply, with the consent of the court, and pleaded cohabitation on and after August 26, 1949, and condonation.

Defendant did not plead condonation so far as the alleged acts of cruelty on his part are concerned.

The trial court found defendant guilty of extreme cruelty, granted plaintiff a divorce, awarded her the custody of the children and child support, and made an order as to the real and personal property of the parties.

The defendant appeals presenting the questions as to which party is entitled to the divorce and the custody of the children, and as to the correctness of the order as to the property.

The rules are:

"Condonation is forgiveness, express or implied, for a breach of marital duty, with the implied condition that the offense shall not be repeated. Forgiveness sufficient for condonation is complete if there is a voluntary resumption of the marital relations." This rule applies, of course, to known offenses. Wetenkamp v. Wetenkamp, 140 Neb. 392, 299 N. W. 491.

"Where condonation is relied upon as a defense, it should be pleaded. Where a repetition of the wrong condoned is relied upon, it should be pleaded." Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 808. The absence of a plea of condonation does not prevent the court from considering that question. Griffith v. Griffith, 77 Neb. 180, 108 N. W. 981.

The only issue of fact here presented is whether or not

there was a resumption of sexual relations following the reconciliation of August 26, 1949. Plaintiff states there was. Defendant states there was not.

We have held that while a divorce proceeding is pending, the parties must live separate and apart from each other. Ellis v. Ellis, 115 Neb. 685, 214 N. W. 300. We have held that "From cohabitation sexual intercourse, and from sexual intercourse forgiveness, is implied." Dunn v. Dunn, 26 Neb. 136, 42 N. W. 279. It is not necessary that there be direct proof of the sexual act. There is a rebuttable presumption that a husband and wife living in the same house live on terms of matrimonial cohabitation. 27 C. J. S., Divorce, § 61, p. 615; 2 Bishop, Marriage, Divorce and Separation, § 281, p. 138; Marsh v. Marsh, 13 N. J. Eq. 281; Toulson v. Toulson, 93 Md. 754, 50 A. 401; Nixon v. Nixon, 127 Pa. Super. 407, 193 A. 132, reversed on other grounds, 329 Pa. 256, 198 A. 154; Karger v. Karger, 19 Misc. 236, 44 N. Y. S. 219; Burns v. Burns, 60 Ind. 259; Phinizy v. Phinizy, 154 Ga. 199, 114 S. E. 185. There is no evidence here to rebut that presumption.

In Huffine v. Huffine, 36 Ohio O. 56, 74 N. E. 2d 764, under a similar factual situation, the court held that where defendant pleaded condonation and testified to marital relations, her testimony was sufficiently corroborated by the fact that the parties were living in the same house, whether or not plaintiff denied the acts.

Sexual intercourse is not an indispensable element of condonation. If that were not so, then an impotent husband could never condone the wife's offenses. Phinizy v. Phinizy, *supra*.

Here the record shows that with full knowledge of all the events related, the parties were reconciled, and were determined to and did reestablish the family relationship with all its normal procedures, and that the condonation was intentional, voluntary, and complete.

We recognize the rule is that the repetition of the offense revives the wrong condoned. Eicher v. Eicher,

*supra.* Plaintiff relies upon the uncorroborated evidence of what happened in the courtroom in November 1949, to revive the offense of cruelty. It is not sufficient for that purpose.

We conclude that plaintiff has condoned the acts of the defendant about which she complains, and that defendant has condoned the acts of the plaintiff about which he complains. It follows that the trial court erred in granting the plaintiff a divorce and did not err in not granting the defendant a divorce.

The remaining assignments need not be considered.

The judgment of the trial court is reversed. The plaintiff's petition and the defendant's cross-petition are dismissed.

REVERSED AND PETITION AND
CROSS-PETITION DISMISSED.