ALIENE ALICE FLETCHER, APPELLEE, v. GLEN W. FLETCHER, APPELLANT.

156 N. W. 2d 1

Filed January 26, 1968. No. 36711.

Robert E. Paulick, for appellant.

Ely & Weems and Mattson, Ricketts & Gourlay, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Plaintiff and appellee sued defendant and appellant for divorce, alleging extreme cruelty. Plaintiff was granted the divorce and the custody of the five children of the parties. Defendant has perfected an appeal to this court.

The petition herein was filed October 31, 1966, in the district court for Brown County. The parties had been residing together in Grand Island. The plaintiff left her husband October 30, 1966, and moved into a home owned by her parents at Ainsworth, Nebraska, which is in Brown County, on October 31, 1966. The petition for divorce was filed the same day.

An examination of the record discloses that defendant's drinking and his association with a Mrs. Elnora Davis were the principal sources of the trouble between the parties. Previous to the move to Grand Island, Mrs. Davis had worked as a waitress for the parties in a hotel at Long Pine, Nebraska. In February 1965, defendant obtained employment at Grand Island, Nebraska. The plaintiff, who was teaching at that time, remained behind with the children, and the defendant moved to Grand Island. Mr. Davis went with defendant to Grand Island and lived in an apartment with him and his brother. The testimony is that this apartment had two bedrooms. Mrs. Davis occupied one, and defendant and his brother the other. Defendant's driving privileges had been suspended for driving while under the influence of intoxicating liquor. He was required to do some driving in his employment, and his explanation of Mrs. Davis' presence is that she went along with him to act as his driver. When the family moved to Grand Island after school was out, defendant secured a home for them and moved Mrs. Davis into that home. When defendant started in business in Grand Island, Mrs. Davis was taken on as an employee and she was so employed at the time of the trial.

The evidence indicates that the defendant and Mrs. Davis drank together at the shop. They would be together away from home during the evening, and would return together under the influence of intoxicating liquor at late hours. The record amply supports plaintiff's contention that throughout their marriage the defendant had verbally abused and ridiculed the plaintiff in public

as well as in private. The record would indicate that the plaintiff became increasingly nervous and harangued the defendant about his conduct. Defendant made a tape recording of one of these sessions. On the evening of October 29, 1966, he repeatedly played this recording and verbally abused the plaintiff. The next day, October 30, plaintiff called her parents and asked them to come for her. They did so. Defendant returned home before they left and resisted the plaintiff's leaving. Defendant and the plaintiff's father came to blows, and defendant sustained severe cuts and bruises. The police were called, and plaintiff left with the children. Thereafter, on several occasions defendant importuned the plaintiff to return to Grand Island, and threatened that if she did not he would bring charges against her father for assault and battery, and would also file a civil action against him. These threats were corroborated by the testimony of plaintiff's mother. Defendant denied he ever threatened criminal action, but admits the threat of civil action.

On November 22, 1966, the plaintiff returned to Grand Island on the condition that the defendant would spend more time with his family; would spend his evenings at home with them; would go to church with them; that he would stop drinking himself and would not permit drinking at the shop; and that he would furnish adequate funds for the support of the family. Mrs. Davis moved from the home before plaintiff's return. The parties resumed marital relations, which continued until December 22, 1966, when plaintiff again left. During this period, defendant had not performed on his promises. On December 15, 1966, plaintiff found Mrs. Davis and some teenagers drinking in the shop. On December 22, 1966, plaintiff looked into the office and saw defendant and Mrs. Davis drinking. The front door was locked. Defendant let plaintiff in the side door and immediately put on a welding helmet and refused to visit with her. She left again that day, but on December 23, 1966, she

was induced to return for Christmas. On December 28, 1966, the parties visited with a psychiatrist. Plaintiff testified the psychiatrist told defendant, "* * * frankly, Mr. Fletcher, I believe your drinking is a problem, * * * why do you drink with other women?" On the way home from the psychiatrists, defendant insisted plaintiff needed shock treatments and he became abusive. The next day plaintiff decided they could not make a go of the marriage, and she again left. She temporarily went to Mountain Home, Idaho, with a sister, but she was living in Ainsworth at the time the case came on for trial on April 24, 1967.

Defendant questions the jurisdiction of the Brown County district court and the sufficiency of the evidence; pleads condonation; and questions the granting of the custody of the children to the plaintiff.

Jurisdiction must be determined as of the time of the filing of the action. Plaintiff filed the action in Brown County the same day she moved into Brown County. In Williams v. Williams, 101 Neb. 369, 163 N. W. 147, we stated: "It is elementary and it is the universal rule that residence in a community is determined by the intention of the parties." It is also elementary that a wife may have a residence separate and apart from that maintained by her husband. Section 42-301, R. R. S. 1943, provides that a divorce may be decreed by the district court of the county where the parties, or one of them, reside. The residence of one of the parties in the county in which the action is brought is necessary to the jurisdiction of the court. Aldrich v. Steen, on rehearing, 71 Neb. 57, 100 N. W. 311. On the record herein, we determine that the plaintiff moved to Brown County with the intention of residing in that community, and that the Brown County district court had jurisdiction herein.

Condonation is forgiveness, express or implied, for a breach of marital duty with the implied condition that the offense shall not be repeated. Forgiveness and condonation are complete if there is a voluntary resump-

tion of marital relations. Wetenkamp v. Wetenkamp, 140 Neb. 392, 299 N. W. 491. The trial court determined herein that there was no voluntary resumption of marital relations. We question this holding, but it is not important because condonation is forgiveness for the past upon condition that the wrongs shall not be repeated. Condonation is dependent upon future good conduct, and a repetition of the offense revives the wrong condoned. Workman v. Workman, 164 Neb. 642, 83 N. W. 2d 368. See, also, Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 808. We determine that the defendant did not keep the promises made to the plaintiff to induce her to return. It is clear there was a repetition of some of defendant's former acts. This repetition revived the wrongs previously condoned. Accordingly, we find no merit in defendant's contention that the evidence is insufficient and that a divorce should be denied because of condonation.

Relative to the custody of the children, it is apparent from the record that the best interests of the children will be served by giving their mother their custody. We approve the arrangement made by the trial court permitting the oldest child, who was 14 years of age at the time of the trial, to live with his maternal grandparents on their ranch in Keya Paha County so long as plaintiff is willing that he do so.

For the reasons given, we find no merit in defendant's assignments of error and affirm the judgment. Costs of appeal are taxed to the defendant, including an attorney's fee of $350.

AFFIRMED.

CARTER, J., dissenting.

On October 31, 1966, Aliene Fletcher took up her residence in Ainsworth, Brown County, Nebraska, and on the same day filed a petition for divorce on the ground of physical and mental cruelty. On April 24, 1967, Glen Fletcher filed a general denial to plaintiff's petition. On April 25, 1967, defendant filed an amended answer alleging that plaintiff had condoned the acts of cruelty

set out in her petition. No reply was ever filed. On November 22, 1966, to December 29, 1966, the parties cohabited together as husband and wife, during which period they purchased a new home in Grand Island and placed their five children in school in that city. There is no question that the parties cohabited as husband and wife for 5 weeks in November and December 1966. The plaintiff contends that this cohabitation was not voluntary which is incredible on its face. The condonation was complete. Wetenkamp v. Wetenkamp, 140 Neb. 392, 299 N. W. 491; Wright v. Wright, 153 Neb. 18, 43 N. W. 2d 424; Sewell v. Sewell, 160 Neb. 173, 69 N. W. 2d 549. During the pendency of a divorce suit, the parties must live apart. Ellis v. Ellis, 115 Neb. 685, 214 N. W. 300; Wright v. Wright, *supra.* A complete condonation restores the marriage relation to the same extent as if a divorce suit had never been filed. A pending action for divorce after condonation is abated and, I submit, it is subject to dismissal. Collins v. Collins, 194 La. 446, 193 So. 702.

I find no fault with the rule stated in many cases that condonation is forgiveness for the past upon condition that the wrong shall not be repeated, and it is dependent upon future good conduct and a repetition of the offense revives the wrong condoned. See Hodges v. Hodges, 154 Neb. 178, 47 N. W 2d 361. But in order to revive the wrong condoned, a new petition must be filed alleging the repetition of the wrongs condoned and the allegations of fact arising subsequent to the condonation showing the repetition of the acts giving rise to the reviver of such prior wrongs.

"It has been held that there must be some corroboration of the subsequent act, Henry v. Henry, 11 O. Dec. Rep. 781; 29 W. Law Bul. 115, but the prior acts are supporting testimony to the subsequent acts, Kleinhenz v. Kleinhenz, supra, and it is not necessary that such a subsequent act be of such a nature as would support a divorce action of itself. If such an act shows a breach

of the conditional forgiveness, then all acts complained of, whether previously condoned or not, may be alleged. * * * If the condonation takes place during the pendency of the suit the cause of action abates but may be revived in the same action where subsequent acts of aggression have taken place by the filing of a supplemental petition. * * * Not only have the courts of Ohio seemed to follow the view that a single resumption of marital intercourse shall constitute condonation, but this court feels that such a decision is proper. During recent years, because of a liberalization of our general beliefs it has become easier for the parties to obtain a divorce. Purely as a moral proposition, this court does not feel that parties should be allowed to maintain sexual relations and at the same time seek a divorce as the two acts are completely incompatible. The court feels that a single voluntary act of marital intercourse, where the injured party is in full knowledge of the other party's aggressions, shall act as a condonation of all aggressions up to that time. This can work no hardship upon the parties as the decisions of Ohio have clearly held that such an act must be voluntary and with full knowledge and that the foregiveness is conditional. This latter rule protects a party that might resume relations following acts of cruelty or habitual drunkenness, for if there is a breach of the implied condition, even though the act constituting the breach is not enough to constitute a grounds for divorce, not only that act but all previous acts of aggression may be alleged and proved." Huffine v. Huffine, 36 Ohio O. 56, 74 N. E. 2d 764. In my judgment, the foregoing decision correctly states the law as it has heretofore existed in this state. I submit that if the parties to a divorce are friendly enough during its pendency to engage in sexual relations, they are friendly enough to continue the marriage relation.

There is no pleading in this case alleging such facts as would overcome the pleaded and proven condonation. It

is fundamental that a judgment to be valid must be supported by the pleadings. State ex rel. Connolly v. Haverly, 62 Neb. 767, 87 N. W. 959; National Fire Ins. Co. v. Evertson, 153 Neb. 854, 46 N. W. 2d 489; Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N .W. 2d 913.

The result is that plaintiff is granted a divorce on a petition that has abated and, even if it could be amended to state a cause of action, it was not done. No affirmative defense to the plea and proof of condonation were alleged, and consequently the pleadings do not support the judgment. I submit that the judgment of the district court should be reversed and the opinion of this court is in error.

There are serious questions of public policy involved in this case. This court has consistently held that cohabitation by the parties pending divorce proceedings will not be permitted. The cases plainly infer that where cohabitation does occur the cause of action is abated and the petition for divorce will be dismissed. The public interest will not be subserved unless this be the rule. Public decency will not be maintained and fraud and collusion will not be deterred in this type of case if the rule against cohabitation is not effectively enforced. It is not enough to merely give whimsical effect to the announced rule of this court requiring the parties to a divorce action to live apart during its pendency. Nor is it enough to ignore such issues when they are properly raised on appeal as they are here. I submit that the law is being ignored and the public policy of the state circumvented by the treatment given the appeal by the majority. The case should be reversed and dismissed.

SMITH and NEWTON, JJ., concur in the foregoing dissent.