MARGUERITE H. JOHNSON, APPELLEE, V. MARVIN J. JOHNSON, APPELLANT.

163 N. W. 2d 596

Filed December 20, 1968. No. 36985.

Kerrigan, Line & Martin, for appellant.

Sidner, Gunderson, Svoboda & Schilke, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

NEWTON, J.

This is a divorce action. Marguerite H. Johnson, plaintiff, brought this action against Marvin J. Johnson, defendant, praying for a divorce, alimony, custody of a 16-year-old son, and child support. The trial court awarded a divorce to plaintiff on the ground of cruelty, gave her custody of the minor son, ordered defendant to pay $30 per week child support, made a division of the property owned by the parties, and decreed that defendant should pay $4,500 permanent alimony, payable at the rate of $125 per month. Plaintiff was also al-

lowed an attorney's fee and costs were taxed to defendant.

The evidence of the plaintiff in this case consisted primarily of statements that can only be termed generalities and conclusions; yet, there would appear to be sufficient competent evidence to sustain the decree of divorce granted to plaintiff. Plaintiff was 52 years of age and defendant 58 years of age at the time of the divorce. He is an electrician conducting his trade independently. Both are in good health. They had been married for a period in excess of 30 years, during a part of which time the plaintiff also had worked and was working 3 nights a week in a bar at the time of the hearing. The amount of her wages is not disclosed. Defendant's earnings according to his 1966 tax return were $6,526.78 net.

Plaintiff had previously obtained a divorce at some undisclosed time and the parties then became reconciled and lived together until the present action was instituted. Plaintiff's evidence indicated that there were almost constant arguments between the parties during the period of their marriage and that defendant habitually used very abusive language toward her and, also, on frequent occasions, physically abused her. The verbal and mental abuse generally was corroborated by the 16-year-old son and he testified to one or two specific incidents occurring since the reconciliation. Defendant contends that because they lived together as man and wife up until the date of the separation, all offenses committed by defendant against plaintiff were condoned; however, it is well established that condonation is forgiveness, express or implied, for a breach of marital duty with the implied condition that the offense shall not be repeated. It is dependent upon future good conduct and a repetition of the offense revives the wrong condoned. Fletcher v. Fletcher, 182 Neb. 549, 156 N. W. 2d 1.

The parties owned a certain amount of property and

for the purposes of this opinion, we will, for the most part, accept the values placed upon the various items by the plaintiff: A house at 633 East Linden Street in Fremont, Nebraska, was valued at $8,250; a house in Scribner, Nebraska, at $8,250; a lot in Grand Island, Nebraska, at $240; a 1963 Mercury automobile at $800; a 1964 Ford pickup, less amount of lien upon it, at $400; defendant's bank account, less the amount of plaintiff's account, at $880; an equity in a house at 635 East Eleventh Street in Fremont, Nebraska, at $6,310; defendant's accounts receivable, less accounts payable, at $2,500; and in addition to this, there were household goods upon which no value was placed. Plaintiff also contended that defendant's electrical business had a sale value of $5,000. This, however, seems highly improbable since defendant did not maintain a place of business and operated solely as an individual. It is difficult to conceive that this was a saleable business. The trial court awarded to defendant the house at 633 East Linden Street in Fremont, Nebraska, the Ford pickup, his bank account, and accounts receivable. All other property was awarded to the plaintiff in addition to the $4,500 permanent alimony. It appears that plaintiff handled all of the money obtained by the parties, took care of the bookkeeping and accounting, and handled all business transactions other than those connected with the electrical business. She customarily placed her own earnings in an individual account and defendant's earnings in a joint account, the latter being used for the payment of all family expenses. She took title to all real estate purchased in her own name, with the exception of the house at 635 East Eleventh Street in Fremont, Nebraska, which was jointly owned. She also took title in her own name to the Mercury automobile. She maintained that she spent $7,650 of her own funds on the properties acquired, claiming that this money was obtained primarily through earnings, with the addition of $1,500 in cash given to her by an uncle and E Bonds

given to her by an aunt which amounted to $1,687.42. The only corroboration she had for the $1,500 alleged to have been received from the uncle is a check in that amount drawn on her personal account and put in the joint account of the parties. It scarcely need be pointed out that since she was handling all of the funds earned by the defendant, as well as her own, the original source of this $1,500 is somewhat in doubt. The government bonds alleged to have been received from her aunt were E Bonds as evidenced by a deposit slip and in view of the fact that E Bonds are not transferable or assignable, the source of this money would also appear to be somewhat in doubt. On the whole, it appears that the trial court may have been overly generous with the plaintiff in the division of property and in fixing permanent alimony. In many instances, the trial court is in a peculiarly advantageous position in dealing with such matters and ordinarily an appellate court is reluctant to interfere with the wide discretion vested in the trial court in regard to such matters. In the present instance, however, we find that the amount of permanent alimony should be reduced to the sum of $2,500 and that in all other respects, the judgment of the trial court should be affirmed. A divorce action is triable de novo upon the issues presented by the appeal. Jablonski v. Jablonski, 173 Neb. 544, 114 N. W. 2d 1.

An allowance for an attorney's fee in this court is made to the plaintiff in the sum of $300.

AFFIRMED AS MODIFIED.