GARY LEE SMALL, APPELLANT, V. JUDY ANN SMALL, APPELLEE.
427 N.W.2d 42

Filed July 29, 1988.   No. 87-015.

S. Caporale for appellant.

Mark J. Milone for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and WARREN, D.J.

FAHRNBRUCH, J.

A major issue in this case is whether a district court has jurisdiction in a dissolution of marriage action if neither of the parties is a resident in the county where the court is located

when the petition is filed.

The Douglas County District Court found it did not have jurisdiction under those circumstances. We affirm the trial court's finding and the vacation of the default decree, reverse other findings, and direct that the case be dismissed.

Gary Lee Small filed a petition in the Douglas County District Court to dissolve the marriage between himself and his estranged wife, Judy Ann Small. Neither party was a resident of Douglas County at the time. However, Judy filed a voluntary appearance. On November 3, 1986, a default decree was entered dissolving the marriage, granting Gary custody of the parties' minor child, and distributing the couple's property. Judy was not present. Judy later filed a motion to vacate the decree and transfer the proceedings to a different district court. The Douglas County District Court, within the same term of court and within 6 months of when the default decree was entered, determined it lacked jurisdiction to try the case. The court, also finding that the distribution of property was grossly disproportionate, vacated the decree.

The November 3 default decree awarded Judy all items in her possession at that time. The evidence shows that this property was worth approximately $8,000. Gary was awarded custody of the couple's child, the family home, and all items in his possession. The value of the property awarded to Gary totaled approximately $100,000.

Gary appeals the trial court's rulings on Judy's motion to vacate, claiming that the trial court erred in finding it did not have jurisdiction to grant a dissolution of the marriage.

Judy left the family home, located in Sarpy County, Nebraska, in July of 1986. She initially moved to Cass County, and then to Otoe County, Nebraska. Gary remained in the family home with the couple's 8-year-old daughter. He continued to reside there throughout these proceedings.

The evidence shows that Judy often returned to the family home to visit and to collect personal items. She also called regularly, but never disclosed where she was living or how she could be reached.

On August 22, 1986, Gary filed his petition for dissolution of the marriage. He told Judy of the filing, and on one of her visits

to the home, she was presented with a voluntary appearance form prepared by Gary's attorney. Judy later signed the form and took it to her husband's attorney. She testified she asked to be informed of the time of trial, but was not notified.

Judy continued to call the home and visit her daughter. However, she did not give an address or telephone number where she could be reached. She did, at some point, contact an attorney.

Subsequently, Judy's attorney contacted Gary's attorney requesting information on the status of the divorce action. He was informed of the default decree. A copy of the decree was mailed to Judy's attorney. On November 13, 1986, Judy filed a motion to vacate the decree and transfer the proceedings to a different court.

Neb. Rev. Stat. § 42-348 (Reissue 1984) provides that dissolution of marriage proceedings "shall be brought in the district court of the county in which one of the parties resides." The question presented for this court is whether the requirements of § 42-348 are jurisdictional or pertain to venue. This issue has previously been decided by this court.

In *Fletcher v. Fletcher*, 182 Neb. 549, 156 N.W.2d 1 (1968), the plaintiff left the marital home in Hall County, Nebraska, and moved, with her children, to Brown County, Nebraska. The same day, she filed a petition for divorce in the Brown County District Court. That court's jurisdiction was questioned by the defendant. The trial court found that the plaintiff resided in Brown County and that it, therefore, had jurisdiction to hear the case.

On appeal, this court considered Neb. Rev. Stat. § 42-301 (Reissue 1968), which stated: "A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them, reside, on application by the petition of the aggrieved party . . . ." Relying on past case law, the court held that "[t]he residence of one of the parties in the county in which the action is brought is necessary to the jurisdiction of the court." 182 Neb. at 552, 156 N.W.2d at 4.

On rehearing, this court held in *Aldrich v. Steen*, 71 Neb. 57, 58, 100 N.W. 311, 312 (1904), that "the district court has no jurisdiction in divorce cases unless one of the parties is a

resident of the county." At that time, in 1904, the statute, Comp. Stat. ch. 25, § 6 (1903), provided: "A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them, reside, on the application by the petition of the aggrieved party in either of the following cases: . . . ."

Section 42-301 was repealed in 1972 by the legislative enactment of no-fault divorce. In comparing the repealed ch. 25, § 6, statute, § 42-301, and the current § 42-348; it is apparent that the change of the word "may" to "shall" reinforces this court's prior determination that residency of one party in the county where the petition is filed is jurisdictional. The rule announced in *Fletcher* is still valid. The district court for a county cannot acquire jurisdiction over dissolution proceedings unless one of the parties is a resident of that county at the time the original petition is filed.

The trial court's finding that it did not have jurisdiction over the Smalls' dissolution of marriage is correct. That finding and the court's vacation of the decree are affirmed. However, because the court lacked jurisdiction, the balance of its findings and its order to transfer the proceedings to Sarpy County District Court are reversed and the case dismissed.

AFFIRMED IN PART, AND IN PART
REVERSED AND DISMISSED.