MARJORIE WRAY, APPELLANT, V. ELMORE WRAY, APPELLEE.

31 N. W. 2d 228

Filed March 3, 1948.    No. 32359.

*John F. McCarthy,* for appellant.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

YEAGER, J.

This is an action by Marjorie Wray, plaintiff and appellant, against Elmore Wray, defendant and appellee, wherein plaintiff seeks a decree of divorce from the defendant. The action was instituted in the district court for Hall County, Nebraska.

In the petition plaintiff claimed that her residence was and had been in said county and state for more than two years last past before the filing of the petition.

On showing by affidavit of the plaintiff that the address of defendant was unknown, service of process upon him was ordered made by publication. Service was had accordingly and thereafter in accordance with law, the defendant having failed to appear within the time provided by law, default was entered against him and a hearing was had on the petition.

On the hearing, after plaintiff had adduced her evidence, divorce was denied on the ground that the court did not have jurisdiction for the reason that plaintiff had not established a legal residence in Nebraska prior to the filing of her action. From this adjudication plaintiff has appealed. No question is presented by the appeal except that of whether or not the court had juris-

diction. No finding was made as to whether or not the evidence would sustain a decree of divorce if the court had jurisdiction.

From the record it is apparent that the district court concluded the question of jurisdiction against the plaintiff on the theory that at the time of the marriage defendant was not a resident of the State of Nebraska and did not thereafter become a resident; that by the marriage the residence of defendant became the residence of plaintiff; and that her residence continued thus until a separation of the parties took place and plaintiff returned to Nebraska which date was too recent to permit the court to obtain jurisdiction for the purpose of entering a decree of divorce.

The factual situation to the extent necessary to a determination of the question presented by the appeal is the following: Plaintiff and defendant were married in Grand Island on July 11, 1945. At the time she was and for many years had been a resident of that city. The defendant was at the time in the armed services of the United States. His home was at Richmond or Mosley, Virginia. The parties stayed at the home of plaintiff's mother for two days after the marriage when the defendant left for foreign service. Following his discharge the defendant returned to Richmond or Mosley, Virginia, but never returned to Nebraska. After the defendant returned plaintiff purchased a round-trip ticket to Virginia. Her purpose was to take up life with defendant as his wife. She remained there from January 21, 1946, to February 14, 1946, when she returned to Grand Island, Nebraska, where she has since remained.

The record of plaintiff's testimony in regard to the trip to Virginia is the following: "Q When you bought the ticket to Virginia did you buy a round trip ticket? A Thats right. Q And what was your intention at that time? A I was to buy a round trip ticket so my husband and I could be here, he was going to be here.

Q Was you going to make Grand Island your home? A Not especially Grand Island, but in Nebraska. Q You didn't go back to establish a residence in Virginia? A No, I was coming back."

The other facts as to residence of plaintiff outlined herein and this testimony stand without contradiction or dispute.

At the conclusion of the evidence the following statement, which appears in the bill of exceptions, was made by the court: "BY THE COURT: From the evidence in this case the court finds that at the time the parties were married that the defendant, plaintiff's husband, was a resident of the State of Virginia, and that plaintiff when she married him, acquired the residence of her husband, that plaintiff did not establish a separate residence from her husband until after the separation of February 12th or 14th, of 1946. That this action was filed on September 19th, 1946, which is less than one year after plaintiff had established her separate residence in the State of Nebraska, and the court finds that it has no jurisdiction to act in this case."

Section 42-303, R. S. 1943, as follows, contains the jurisdictional requirements as to the time when divorce actions may be maintained: "No person shall be entitled to a divorce for any cause arising in this state who has not had actual residence in this state for at least one year next before bringing suit for divorce with a bona fide intention of making this state his or her permanent home, unless the marriage was solemnized in this state and the applicant shall have resided therein from the time of the marriage to filing the petition. No person shall be entitled to a divorce for any cause arising out of this state unless the petitioner or defendant shall have resided within this state for at least two years next before bringing suit for divorce, with a bona fide intention of making this state his or her permanent home."

It is of course true that if the legal residence of plaintiff was the State of Virginia until after her separation from defendant and return to Nebraska then the court correctly decided that it had no jurisdiction to grant a decree of divorce since the period of residence computed on that basis was less than one year.

We are not however in accord with the conclusion of the trial court that this period constitutes the residence of plaintiff after the marriage. We hold that within the meaning of the law and under the evidence plaintiff was continuously a resident of the State of Nebraska from and for a long time before the marriage down to and including the date of hearing on the petition for divorce.

The general rule in this jurisdiction is that the domicile of a wife follows that of a husband. Smith v. Smith, 19 Neb. 706, 28 N. W. 296; Isaacs v. Isaacs, 71 Neb. 537, 99 N. W. 268.

These cited cases use the word domicile while the statute relating to jurisdictional requirements in divorce actions uses the word residence. While it is true that lexicographers recognize some difference in the two terms it is clear from an examination of the statute and the decisions of this court that the two terms are used interchangeably and have substantially the same meaning.

While it is true that the domicile or residence of a wife generally follows that of the husband it has never been said by any decision of this court that a wife may not have a residence other than and separate from that of her husband, and neither has it ever been said that by marriage a woman by that fact alone, if the husband's residence is other and different from her own, loses her residence.

This court has defined residence as follows: "One's residence is where he has his established home, the place where he is habitually present, and to which, when he departs, he intends to return." Berry v. Wilcox, 44 Neb. 82, 62 N. W. 249. See State ex rel. Brazda v.

Marsh, 141 Neb. 817, 5 N. W. 2d 206; Burns v. Burns, 145 Neb. 213, 15 N. W. 2d 753.

Nothing appears in any of the decisions to indicate that this definition does not apply to married women as well as to all other persons or classes of persons. On the other hand it has been specifically recognized that a wife may have a residence separate and apart from that of her husband. In Williams v. Williams, 101 Neb. 369, 163 N. W. 147, it was said: "Defendant's argument that a wife cannot have a residence separate and apart from that maintained by her husband is not supported by statute nor by the authorities." This statement was quoted with approval in Burns v. Burns, *supra.*

That intention is the controlling element in the determination of residence is the rule in this jurisdiction there can be little question. In Williams v. Williams, *supra,* it was said: "It is elementary and it is the universal rule that residence in a community is determined by the intention of the parties."

Applying these rules to the facts in this case it cannot be said that the plaintiff surrendered her residence in the State of Nebraska at the time of her marriage to defendant or at any time between that time and the date of trial in the district court.

It follows therefore that the district court erred in denying plaintiff a divorce on the ground that it was without jurisdiction.

This case is of course heard here de novo on the record. An examination of the record discloses evidence on the merits of the pleaded cause of action sufficient to sustain a decree of divorce in favor of plaintiff.

The order of the district court dismissing the action is reversed and the cause remanded with directions to render a decree of divorce in favor of plaintiff.

REVERSED AND REMANDED
WITH DIRECTIONS.