STATE OF NEBRASKA, APPELLEE, V. MABEL D. JONES,
APPELLANT.

275 N. W. 2d 851

Filed March 6, 1979. No. 41860.

Michael V. Smith of Smith and King, for appellant.

Bill Quigley, Cherry County Attorney, for appellee.

Heard before SPENCER, Retired Justice, BOSLAUGH, and WHITE, JJ., and WOLF and SPRAGUE, District Judges.

WOLF, District Judge.

This is an appeal from the judgment of the District Court for Cherry County in an action in quo warranto. After trial, the court held that the defendant, Mabel D. Jones, ceased to be a qualified elector of Cherry County, Nebraska, and that the office of Cherry County commissioner then held by her was vacated.

Cherry County is organized under the county commissioner system and all three of the commissioners are elected at large. The defendant was elected as county commissioner in the November 1974 election and took office in January of 1975. At the time of her election and for approximately 2 years thereafter, the defendant lived with her husband on a rented ranch residence located in Lackey precinct of

Cherry County. The ranch house was located approximately 24 miles north of the south line of Cherry County. The Jones' also owned a residence in the town of Whitman which is in Grant County approximately 4 miles south of the Cherry County south line. In previous years, the defendant had lived in the Whitman dwelling with their children so that they could attend the local Whitman school.

In May of 1976, the defendant and her husband lost their lease on the Cherry County residence and sold the nearby ranch land they owned in Cherry County. Defendant's testimony was that she and her husband stayed on at the Lackey precinct ranch house to help the new tenants and in the fall of 1976, she changed her residence to an apartment in Valentine in Cherry County, Nebraska, and the husband moved to their residence in Whitman in Grant County, Nebraska.

The records of the county clerk and election commissioner in Cherry County show that she changed her registration for voting to Valentine, Nebraska, on November 10, 1976, although she was unable to move into her apartment because of prior occupants until sometime between November 15th and December 1st of 1976. Her husband, Albert Jones, left his registration for voting at the Lackey precinct in Cherry County, Nebraska, until August 11, 1977, when he changed his registration to the defendant's address in Valentine. He resided at the Grant County residence from November of 1976 until the time of trial.

During the spring of 1977, the defendant told other commissioners of Cherry County that she resided in Whitman and she filed expense vouchers for travel expense from the town of Whitman to Valentine for the purpose of attending board meetings. The county clerk of Cherry County testified that he mailed her correspondence after November 10, 1976, to her Valentine address but when he telephoned her or

when he received telephone calls from her, they were from Whitman, Nebraska.

The defendant and her husband filed their 1976 income tax return which was prepared in February of 1977, and showed their residence address to be Whitman, Nebraska, but in School District No. 6 in Cherry County, which address would be appropriate for their former ranch home in Cherry County. The two vehicles which she used in the performance of her duties as county commissioner were both registered in January of 1977 in Lackey precinct of Cherry County, and their other four vehicles were registered in Grant County, Nebraska.

The defendant testified that she stayed overnight at her Valentine apartment on an average from 11 to 18 days each month but she spent weekends and holidays with her husband in the Grant County residence.

A deposition of the defendant, taken August 23, 1977, was received in evidence at the trial and contained the following:

"Q. November 30, the last claim for November, would have been from Whitman?

A. Yes.

Q. And is that where you were living at the time?

A. Yes. We had moved in there and were there most of the time.

Q. All right. Where did you spend that Christmas, last Christmas?

A. Where did we spend Christmas? We spent it in Whitman. * * *

Q. * * * Spent it at your home in Whitman?

A. Yes."

Section 23-150, R. R. S. 1943, provides: "The commissioners shall have the qualifications of electors, and shall be residents of their respective districts."

Section 32-475, R. R. S. 1943, provides in part: "The judges of election and the registrars of voters, in determining the residence of a person offering to

vote or register as defined in section 32-107, shall be governed by the following rules, so far as the same may be applicable: (1) That place shall be considered and held to be the residence of a person in which he is actually domiciled, which is the place of residence of an individual or a family or the place with which a person has a settled connection for determination of his civil status or other legal purposes because it is actually or legally his permanent and principal home, and to which, whenever he is absent, he has the intention of returning; (2) if a married man has his family domiciled in one place, and he does business in another, the former shall be considered and held to be the place of his residence; * * *''

Section 32-107, R. R. S. 1943, provides: "Residence shall mean that place at which a person has established his home, where he is habitually present, and to which when he departs he intends to return."

Section 32-1037, R. R. S. 1943, provides in part: "Every civil office shall be vacant, except as provided in section 32-1038, upon the happening of any one of the following events at any time before the expiration of the term of such office: The * * * (5) incumbent ceasing to be a resident of the state, district, county, township, precinct, or ward in which the duties of his office are to be exercised, or for which he may have been elected; * * *''

The question thus presented is whether the defendant, in November of 1976 or subsequently, ceased to be a resident of Cherry County, Nebraska.

Quo warranto is an action in equity and is triable on appeal de novo in this court.

It is clear that a person may have two places of residence, but only one of them may be his domicile. To continue to hold her office as county commissioner, the defendant must maintain her domicile within that county.

In re Estate of Meyers, 137 Neb. 60, 288 N. W. 35, this court quoted with approval the following language: " 'No exact definition can be given of domicile; it depends upon no one fact or combination of circumstances, but from the whole taken together it must be determined in each particular case.'

'It is universally held that in order to acquire a domicile by choice, these essentials must concur: (1) Residence (bodily presence) in the new locality, and (2) an intention there to remain. In other words, there must be a concurrence of the fact and the intent, the factum and animus. Act and intent must, therefore, concur, and the absence of either of these thwarts the change. In addition there must be an intention to abandon the old domicile. As some writers express it, there must be an animus non revertendi and an animus manendi. The purpose to remain in or at the domicile of choice must be for an indefinite period of time.' "

The court further said, "We recognize that the intent of a person is not readily susceptible of analysis, and, therefore, in keeping with the great weight of authority, conclude that all of the surrounding circumstances and the conduct of the person must be taken into consideration to determine his domicile."

In this case, bodily presence of the defendant seems to be almost equally divided between her apartment in Valentine and the husband's home in Grant County. Defendant's act of changing her voting registration to the Valentine precinct in November of 1976 is an act indicating her intention to be domiciled in Cherry County, but is not conclusive. Her declarations to others that her residence was in Whitman, her failure to register her vehicles in Valentine, and her subsequent claims to the county for mileage from Whitman to Valentine are acts which indicate an intent to claim residence in Grant County. Her returning to her husband's Grant County residence during the times that her business

activities did not require her presence in Cherry County are also indicative of her intention not to abandon her husband's domicile.

Our court has held that a wife is not prevented, for good cause shown, from having a domicile or residence separate and apart from that of her husband. Wray v. Wray, 149 Neb. 376, 31 N. W. 2d 228. There may be circumstances in which there is no presumption that the domiciles of married persons are not identical, such as when they are separated in preparation for dissolution or intend a permanent separation; however, such is not indicated in this case. The location of the husband's domicile is one of the factors to be considered by the trial court in determining intent.

Actions in equity on appeal to this court are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. Wiskocil v. Kliment, 155 Neb. 103, 50 N. W. 2d 786.

The evidence supports the finding of the District Court that the defendant ceased to be a resident and qualified elector of Cherry County, Nebraska, and the order vacating her office is affirmed.

AFFIRMED.