TIM KRAJICEK, APPELLANT, V. JOHN A. GALE,
NEBRASKA SECRETARY OF STATE, APPELLEE.
STATE OF NEBRASKA, APPELLEE, V.
TIM KRAJICEK, APPELLANT.
677 N.W.2d 488

Filed March 19, 2004.   Nos. S-02-1067, S-02-1070.

Gregory A. Pivovar, on brief, for appellant.

Tim Krajicek, pro se.

Jon Bruning, Attorney General, and Dale A. Comer for appellee John A. Gale.

James S. Jansen, Douglas County Attorney, and Timothy K. Dolan for appellee State of Nebraska.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Tim Krajicek appeals the order of the district court for Douglas County in two cases which were consolidated for trial and for appeal. In case No. S-02-1067, the Nebraska Secretary of State, John A. Gale, sustained an objection and determined that Krajicek's name should not appear on the primary election ballot as a candidate for reelection to the board of directors of the Papio Missouri River Natural Resources District (the NRD) because Krajicek no longer resided in the subdistrict he sought to represent. Krajicek filed a petition for writ of error requesting the court to order Gale to include Krajicek's name as a candidate from subdistrict No. 8 on the May 14, 2002, primary election ballot. The district court denied Krajicek's petition for writ of error. In case No. S-02-1070, the district court upheld the State's quo warranto petition against Krajicek and ordered Krajicek removed from the NRD board because Krajicek had ceased to be a resident and domiciliary of subdistrict No. 8. We dismiss the appeal in the writ of error case brought by Krajicek, case No. S-02-1067, and affirm the district court's order in the quo warranto case brought by the State, case No. S-02-1070.

## STATEMENT OF FACTS

In 1998, Krajicek was elected to represent subdistrict No. 8 on the board of directors of the NRD for a term of 4 years beginning January 7, 1999. At the time of his election, Krajicek lived at 4104 Madison Street in Omaha, Nebraska, which was located within subdistrict No. 8 of the NRD.

On January 30, 2002, the Douglas County Attorney on behalf of the State filed a quo warranto petition seeking an order that Krajicek be removed from office because he no longer resided within subdistrict No. 8. The substance of the quo warranto petition in State v. Krajicek, Douglas County District Court, docket 1012, page 150, has become case No. S-02-1070. The State alleged that on or about May 12, 2001, Krajicek changed his residence to 7819 South 45th Avenue, which address was located in Sarpy County and outside the boundaries of subdistrict No. 8.

The State alleged that Krajicek had vacated his office under Neb. Rev. Stat. § 32-560(5) (Reissue 1998) of the Election Act, which statute provides that an elective office shall be vacant when, inter alia, the incumbent ceases to be "a resident of the state, district, county, township, or precinct in which the duties of his or her office are to be exercised or for which he or she may have been elected." Elsewhere in the Election Act, Neb. Rev. Stat. § 32-116 (Reissue 1998) defines "residence," inter alia, as follows:

(1) that place in which a person is actually domiciled, which is the residence of an individual or family, with which a person has a settled connection for the determination of his or her civil status or other legal purposes because it is actually or legally his or her permanent and principal home, and to which, whenever he or she is absent, he or she has the intention of returning, (2) the place where a person has his or her family domiciled even if he or she does business in another place . . . .

Following a set of correspondence between Gale and Krajicek in which Gale sought answers from Krajicek regarding his actual domicile, Krajicek received a letter from Gale stating that Krajicek's name would not appear on the May 14, 2002, primary election ballot as a candidate for reelection to represent subdistrict No. 8 on the NRD board. The letter stated that Krajicek's name would be omitted because he no longer resided in subdistrict No. 8. On March 20, Krajicek filed a petition for writ of error requesting an order that his name continue to be listed on the ballot for the primary election set for May 14, 2002. The substance of the petition for writ of error in Krajicek v. Gale, Douglas County District Court, docket 1013, page 592, has become case No. S-02-1067. In connection with his petition for writ of error, Krajicek also filed an application for an ex parte stay of Gale's decision to omit Krajicek's name or a temporary injunction enjoining Gale from removing Krajicek's name from the ballot. The court overruled Krajicek's application for an ex parte stay or temporary injunction on March 22. On May 6, the court overruled Krajicek's amended application for an ex parte stay or temporary injunction.

By agreement of the parties, the State's quo warranto petition against Krajicek and Krajicek's petition for writ of error against

Gale were consolidated for purposes of trial. A bench trial was held August 8, 2002. Krajicek's general contention at trial was that for purposes of these two lawsuits, he resided at 4505 Jefferson Street, which address was located within subdistrict No. 8 of the NRD. Although Krajicek admitted that he and his family had a residence at 7819 South 45th Avenue, he asserted that he also had a residence at 4505 Jefferson Street, which at the time, was occupied by his aunt and uncle. Krajicek presented evidence that he registered to vote, received mail, stored personal items, filed tax returns, and registered his vehicle at the 4505 Jefferson Street address. Krajicek also testified that he intended to purchase the residence at 4505 Jefferson Street from his aunt and uncle at some point in the future.

The State and Gale presented evidence that Krajicek and his family had moved their personal belongings and household furniture to the 7819 South 45th Avenue address. Krajicek also filed a change of address form with the U.S. Postal Service to have mail forwarded from 4104 Madison Street to 7819 South 45th Avenue. Krajicek and his wife owned the house at 7819 South 45th Avenue and jointly paid the expenses for the home, including property taxes, utilities, insurance, and maintenance. Krajicek slept, showered, ate breakfast, left for work, and returned to the 7819 South 45th Avenue address on a daily basis, and his children attended a school nearby. Krajicek's wife registered her car at the 7819 South 45th Avenue address, and she listed the address as her address on the couple's tax return. The State and Gale also presented evidence that the house at 4505 Jefferson Street was built and paid for by Krajicek's aunt and uncle. Krajicek's aunt and uncle also paid insurance, utilities, and related expenses on the house. Although Krajicek testified that he intended to move into the house at 4505 Jefferson Street following his aunt and uncle's occupancy, he did not know when that would be.

The district court entered its consolidated order as to both cases on September 4, 2002. The court determined that both Krajicek's residence and his domicile were at 7819 South 45th Avenue and that therefore Krajicek had vacated his office as a director of the NRD because he had ceased to be a resident of the subdistrict that he represented. The court determined that Gale's

decision to omit Krajicek's name from the primary election ballot was proper and that, thus, the quo warranto petition had merit. The court concluded that Krajicek no longer properly held the office of director of the NRD and ordered that he be "immediately ousted, excluded, and removed from said office." The court also denied Krajicek's petition for writ of error. Krajicek appeals the order as to both cases.

## ASSIGNMENTS OF ERROR

In case No. S-02-1067, the writ of error action, Krajicek asserts that the district court erred in (1) interpreting the meaning of "residency" under the relevant statutes, (2) placing the burden on him to establish his residence in the subdistrict rather than placing the burden on Gale to establish Krajicek's residence outside the subdistrict, and (3) denying him due process by refusing to order that his name be placed on the ballot. Gale asserts that the appeal in case No. S-02-1067 is moot because the relief Krajicek sought was limited to having his name placed on the May 14, 2002, primary election ballot and such relief cannot now be provided. Gale further asserts that under Neb. Rev. Stat. § 32-624 (Reissue 1998), the Secretary of State's decision on an objection to an individual's candidacy is final unless a court reverses the decision on or before the 55th day preceding the election and that Krajicek failed to achieve such a reversal 55 days prior to the May 14, 2002, primary election. Gale asserts that the district court was without authority to afford Krajicek relief thereafter and that this court is without jurisdiction to consider the appeal.

In case No. S-02-1070, the quo warranto action, Krajicek asserts that the district court erred in finding that he resided and was domiciled outside subdistrict No. 8 because the court misinterpreted "residence" for purposes of the relevant statutes and improperly placed the burden of proof on him.

In case No. S-02-1070, Krajicek also makes an assignment of error to the effect that the district court for Douglas County erred in considering the action because certain of the activities occurred in Sarpy County, not in Douglas County. We understand this assignment of error to relate to the proper venue of the action. On the record before us, Krajicek did not challenge venue

at the trial level. A claim of improper venue is a matter that may be waived by failure to make a timely objection. *Reiter v. Wimes,* 263 Neb. 277, 640 N.W.2d 19 (2002). In addition, Krajicek did not argue this assignment of error in his brief. Errors that are assigned but not argued and errors that are argued but not assigned will not be addressed by an appellate court. *State ex rel. City of Alma v. Furnas Cty. Farms,* 266 Neb. 558, 667 N.W.2d 512 (2003). Accordingly, we do not further consider this assignment of error.

## STANDARDS OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Rath v. City of Sutton, ante* p. 265, 673 N.W.2d 869 (2004).

Quo warranto is an action in equity and is triable on appeal de novo in this court. *State v. Jones,* 202 Neb. 488, 275 N.W.2d 851 (1979).

## ANALYSIS

*Case No. S-02-1067: Writ of Error Action.*

In case No. S-02-1067, the sole relief sought by Krajicek was that his name be placed on the May 14, 2002, primary election ballot as a candidate for the NRD board of directors for subdistrict No. 8. Gale asserts that the case is moot because the May 14, 2002, primary date has passed. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Rath v. City of Sutton, supra.* A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id.* We conclude that case No. S-02-1067 is a moot case because Krajicek can no longer obtain the relief he sought.

As a general rule, a moot case is subject to summary dismissal. *Id.* Nebraska, however, recognizes a public interest exception to the mootness doctrine, and Krajicek urges that issues of residence, domicile, and eligibility for office in case No. S-02-1067 are issues related to public interest. Indeed, we have previously determined that certain election issues qualified for review under the public interest exception despite assertions that

the case was moot because the election at issue had passed. See *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). However, in the instant case, we conclude that to the extent issues of public interest are present in case No. S-02-1067, these issues are also present in case No. S-02-1070 and are addressed in connection with our analysis of that appeal below. We therefore dismiss the appeal in case No. S-02-1067 as moot.

*Case No. S-02-1070: Quo Warranto Action.*

Krajicek generally argues that the district court erred in its determination that he no longer resided and was not domiciled in subdistrict No. 8 and in therefore ordering that he be removed from his position representing subdistrict No. 8 on the NRD board of directors. We have reviewed the record de novo in this case. The evidence established that Krajicek had ceased to be a resident of subdistrict No. 8, see § 32-560(5); that he was actually domiciled outside subdistrict No. 8, see § 32-116; and that a vacancy existed in subdistrict No. 8, see Neb. Rev. Stat. § 2-3215 (Reissue 1997). Therefore, the district court did not err in ordering Krajicek removed from office.

In its quo warranto petition, the State alleged that Krajicek vacated his office as a director of the NRD when he moved from 4104 Madison Street to 7819 South 45th Avenue. With respect to the residence of a natural resources district director, the following statutes are relevant: Neb. Rev. Stat. § 2-3214(1) (Reissue 1997), found in the statutes pertaining to agriculture, sets requirements for a natural resources district director and provides, inter alia, that in those districts that have established subdistricts, registered voters are eligible "as candidates from the subdistrict within which they reside." Section 2-3215 provides that "a vacancy on the board shall exist in the event of the removal from the district or subdistrict of any director." Section 2-3215 also refers to the events listed in § 32-560 from the Election Act, the latter of which provides that "[e]very elective office shall be vacant" upon the happening of certain events, including the "[i]ncumbent ceasing to be a resident of the state, district, county, township, or precinct in which the duties of his or her office are to be exercised or for which he or she may have been elected." Under § 32-116(1) of the Election Act, "residence" shall mean "that place in which a

person is actually domiciled." We read these statutes in pari materia. See *Forgét v. State*, 265 Neb. 488, 658 N.W.2d 271 (2003). Reading these related statutes together, it is clear that in a natural resources district that has subdistricts, a director is required to reside in the subdistrict he or she has been elected to represent, § 2-3214(1), and that a director's office becomes vacant if he or she moves from or ceases to be a resident of the subdistrict from which he or she was elected, §§ 2-3215 and 32-560(5). Further, residence is understood to mean actual domicile. § 32-116(1).

▇ Our case law is consistent with these statutes. In *State v. Jones*, 202 Neb. 488, 275 N.W.2d 851 (1979), we considered a quo warranto action in which the State asserted that a county commissioner vacated her office when she ceased to be a resident of the county. We stated that although a person may have two places of residence, "only one of them may be his [or her] domicile," and concluded that in order to continue to hold office as a county commissioner, the defendant in *Jones* was required to maintain her domicile within the original county from which she had been elected. *Id.* at 491, 275 N.W.2d at 853. We stated that domicile must be determined from all the circumstances taken together in a particular case and that in order to establish a domicile, two essential facts must be present: (1) residence, or bodily presence, in the locality and (2) an intention to remain there. Similar to the holding in *Jones*, the relevant statutes in the present case indicate that for purposes of election to an NRD board where subdistricts have been established, a person can be a domiciliary of only one subdistrict. Specifically, § 2-3214(1) provides that candidates are to be elected "from *the* subdistrict within which they reside" (emphasis supplied) and § 32-116(1) provides that residence must be where the individual is "actually domiciled."

The evidence in the present case shows that in May 2001, Krajicek moved his residence from an address within subdistrict No. 8 to an address outside subdistrict No. 8. Krajicek concedes that he has a residence outside subdistrict No. 8 at 7819 South 45th Avenue, but he argues that he also maintains a residence inside subdistrict No. 8 at 4505 Jefferson Street. He argues that the residence requirement for a member of the NRD board for a subdistrict is met so long as he retains one of his residences

within subdistrict No. 8 even though he has another residence outside subdistrict No. 8. We reject Krajicek's argument.

It is clear from the record that Krajicek ceased to be domiciled in subdistrict No. 8 when he moved to 7819 South 45th Avenue. Krajicek had "bodily presence," see *State v. Jones*, 202 Neb. at 492, 275 N.W.2d at 853, at the new address because the evidence shows that, inter alia, he spent his nights at that address, had his mail forwarded to that address, and significantly contributed to the upkeep and improvement of the home at that address. By contrast, there was no evidence that he resided at 4505 Jefferson Street in the sense of being bodily present at that address.

The evidence also demonstrated Krajicek's intention to remain at 7819 South 45th Avenue because he returned to that address at nights, his wife and children resided at that address, and he indicated that he planned to eventually send his children to a high school near that address. Although Krajicek stated that he hoped to purchase the residence at 4505 Jefferson Street at some time in the future, such statements were speculative and uncertain. As we observed in *Jones*, intent will be assessed from all the surrounding circumstances.

In sum, the evidence in this case was not sufficient to establish that Krajicek was domiciled at 4505 Jefferson Street, particularly in light of the much stronger evidence that he both resided and was domiciled at 7819 South 45th Avenue. As the district court correctly determined, the record establishes that Krajicek became a resident and domiciliary of 7819 South 45th Avenue and that because that address is outside subdistrict No. 8, he vacated his office representing subdistrict No. 8 on the NRD board.

█ Krajicek also argues that the district court erred when it "placed the burden of proof" on him. We understand that Krajicek complains that he had the burden of proof regarding the issues of residence and domicile. As the district court correctly noted, this court has previously stated that in a quo warranto action, "it is clear that the burden of proof in the first instance is on the defendant whose right to the office is challenged." *Stasch v. Weber*, 188 Neb. 710, 711, 199 N.W.2d 391, 393 (1972). See, also, 65 Am. Jur. 2d *Quo Warranto* § 119 at 165 (2001) ("[w]here a quo warranto proceeding is brought to try title to a public

office, the burden rests on the defendant or respondent, as against the state at least, to show a right to the office from which he or she is sought to be ousted"). Furthermore, as noted above, our de novo review of the record in this case shows that the evidence presented by the State established that Krajicek had ceased to be domiciled in subdistrict No. 8, see §§ 32-560 and 32-116, and that the significance of the evidence presented by Krajicek was not to the contrary. We reject Krajicek's assignments of error. The district court did not err in finding in favor of the State on its quo warranto action.

## CONCLUSION

We conclude that case No. S-02-1067 is moot, and we therefore dismiss the appeal in case No. S-02-1067. We conclude that in case No. S-02-1070, the evidence establishes that Krajicek moved his residence and domicile outside subdistrict No. 8 and that therefore, the district court did not err in removing him from the NRD board of directors. We affirm the district court's order in case No. S-02-1070.

APPEAL IN NO. S-02-1067 DISMISSED.
JUDGMENT IN NO. S-02-1070 AFFIRMED.