Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/24/2025 09:10 AM CDT

State of Nebraska ex rel. Patrick F. Condon,
Lancaster County Attorney, relator, v.
Jonathan M. Braaten, respondent.

___ N.W.3d ___

Filed October 24, 2025.    No. S-25-601.

1. **Quo Warranto: Equity.** Quo warranto is an action in equity.
2. **Quo Warranto: Proof.** In a quo warranto action, the burden of proof rests on the party asserting a right to the office for which the party has been ousted.
3. **Conflict of Interest.** Whether a conflict of interest exists is a case-by-case determination to be made on the facts of the particular case.
4. **Statutes.** Basic principles of statutory interpretation generally require a court to give statutory language its plain and ordinary meaning.
5. **Conflict of Interest.** The determination of a conflict of interest is personal.
6. **Juvenile Courts: Minors.** The foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect the juvenile's best interests.

Original action. Judgment of ouster.

Patrick F. Condon, Lancaster County Attorney, Daniel J. Zieg, and Kyle Jedlicka, Senior Certified Law Student, for relator.

No appearance for respondent.

Michael T. Hilgers, Attorney General, Cody S. Barnett, and Lincoln J. Korell for amicus curiae Attorney General.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Freudenberg, J.

## INTRODUCTION

This original action in quo warranto centers around the removal of a county attorney's office from a juvenile proceeding owing to the county attorney's adult daughter, an employee of the Department of Health and Human Services (DHHS), potentially serving as a witness in the proceeding. The county attorney seeks ouster of the appointed special prosecutor. Because we find no evidence of personal conflict warranting the appointment of a special prosecutor, we enter a judgment of ouster.

## BACKGROUND

Patrick F. Condon, relator, serves as the elected county attorney for Lancaster County. The Lancaster County Attorney's office employs approximately 40 attorneys and dozens of staff. The office is divided into three divisions: criminal, civil, and juvenile. Each division has its own chief deputy county attorney who is in charge of managing docket assignments, workloads, case assignments, and related duties. Under each chief deputy county attorney are deputy county attorneys.

A deputy county attorney in the juvenile division of the Lancaster County Attorney's office was the assigned attorney on the underlying case, No. JV-24-785. He testified via affidavit that he has been a deputy county attorney for 19 years and has independence in how to handle cases assigned to him. He further testified that his obligation as a deputy county attorney is to act in the best interests of the State of Nebraska.

Condon's adult daughter is an employee of DHHS' division of children and family services. She was assigned as a caseworker on the underlying case.

The separate juvenile court, sua sponte, raised the issue of conflict of interest owing to Condon's daughter's involvement in the case in which Condon's office represented the State. At the hearing on the court's motion, Condon's daughter testified as a witness that she had worked on the case since July 2024,

when she first did an initial assessment with the family. When asked about her knowledge of her father's work, she testified that she does not discuss his workload or cases with him. She further testified that the fact that her father is the county attorney would not impact her testimony. She explained that her job was focused on the families she works with and that she was not worried about what her father would think about how she handles a case. Condon's daughter testified that she did not disclose to the family that her father is the county attorney because she did not see it as a conflict.

Shortly following the hearing, the juvenile court issued an order finding a conflict of interest. The court applied Neb. Ct. R. of Prof. Cond. § 3-501.7 (rev. 2019), which governs conflicts of interest with current clients. The court also referenced *In re Interest of Brelynn E.*,[1] where the Nebraska Court of Appeals stated it was troubled by a prosecuting attorney's decision to call her spouse to testify in a case but nonetheless found no prejudicial error. Finally, the juvenile court looked to several Nebraska ethics advisory opinions for lawyers regarding the ethical duties of prosecuting attorneys who have conflicts of interest arising out of family relationships. From these opinions, the juvenile court stated that a conflict arises where an attorney's relative is involved as a potential witness. The court stated the Nebraska Ethics Advisory Committee for Lawyers (Advisory Committee) recommends that the attorney disclose the familial relationship to the court, all lawyers, and all parties involved and that the attorney may need to seek permission from the court to withdraw, depending on whether the conflict is waivable or not.

With that background in mind, the juvenile court focused on the fact that the relationship between Condon and his adult daughter was not disclosed. The court also explained that the deputy county attorney's employment was "at the pleasure and under the direction" of Condon. For that reason, the

---

[1] *In re Interest of Brelynn E.*, 30 Neb. App. 723, 972 N.W.2d 442 (2022).

court concluded that the deputy county attorney's presence did not and could not shield the familial conflict that existed due to Condon's daughter's role in the case. Thus, because the Lancaster County Attorney's office did not disclose the potential conflict, the court held that under Neb. Rev. Stat. § 23-1205 (Reissue 2022), a special prosecutor should be appointed. Subsequently, Jonathan M. Braaten, respondent, was appointed as special prosecutor.

Following Braaten's appointment, Condon sought leave to file this original quo warranto action, which we granted. Braaten waived response and oral argument on this matter.

## ASSIGNMENTS OF ERROR

Condon assigns that the separate juvenile court of Lancaster County erred by concluding that he and his office had a conflict of interest and, as a result, ordering that he and his office be removed from representing the State in the underlying proceeding.

## STANDARD OF DECISION

[1] Quo warranto is an action in equity.[2]

[2] In a quo warranto action, the burden of proof rests on the party asserting a right to the office for which the party has been ousted.[3]

## ANALYSIS

Through this original quo warranto action, Condon seeks to oust Braaten from the office of special prosecutor and reinstate the Lancaster County Attorney's office on the underlying case. Condon argues that his office should be reinstated because the separate juvenile court erroneously found a conflict of interest that barred the entirety of the Lancaster County Attorney's office. We note that there is no accusation of wrongdoing on the part of Braaten as special prosecutor.

---

[2] See *Krajicek v. Gale*, 267 Neb. 623, 677 N.W.2d 488 (2004).

[3] See *id.*

The Lancaster County Attorney's office, as with all other county attorneys' offices, is statutorily required to represent the interests of the State in criminal, civil, and juvenile proceedings.[4] This statutory duty can be fulfilled by a special prosecutor under select circumstances. Section 23-1205 provides, in part:

> Due to the absence, sickness, disability, or conflict of interest of the county attorney and his or her deputies, or upon request of the county attorney for good cause, the Supreme Court, the Court of Appeals, or any district court, separate juvenile court, or county court before which the cause may be heard may appoint an attorney to act as county attorney in any investigation, appearance, or trial by an order entered upon the minutes of the court.

Thus, the key question in this original action is whether there was evidence of a conflict of interest sufficient to warrant the appointment of a special prosecutor.

In making its determination that a conflict of interest warranting the appointment of a special prosecutor existed, the separate juvenile court relied on *In re Interest of Brelynn E.*, where the Court of Appeals addressed a prosecuting deputy county attorney's decision to call her spouse to testify at trial.[5] There, the Court of Appeals noted that a county attorney should not personally prosecute any case in which his or her spouse will be called as a witness.[6] Nevertheless, the Court of Appeals found there was no prejudicial error under the specific facts of the case.[7]

The separate juvenile court also relied on several Nebraska ethics advisory opinions for lawyers regarding familial conflicts in cases involving county attorneys' offices and

---

[4] Neb. Rev. Stat. §§ 23-1202 (Reissue 2022) and 43-261 (Reissue 2016).

[5] *In re Interest of Brelynn E., supra* note 1.

[6] *Id.* (citing Neb. Ethics Adv. Op. for Lawyers No. 93-5 (1993)).

[7] *In re Interest of Brelynn E., supra* note 1.

juvenile proceedings. In a 1989 Nebraska ethics advisory opinion for lawyers, the key question presented was whether a deputy county attorney would be disqualified from prosecuting a case in which the deputy's sister, a social worker, might be involved as an investigator or as a witness.[8] In that scenario, where the potential witness was closely related to the prosecuting attorney, the Advisory Committee provided two factors to be considered in deciding whether the deputy county attorney should decline such prosecution. The first factor is whether the attorney's relationship will adversely affect the attorney's professional judgment. The second factor is whether, under such circumstances, the attorney can represent all interests involved zealously and within the bounds of the Nebraska Rules of Professional Conduct.

Neb. Ethics Adv. Op. for Lawyers No. 93-5 addressed a similar issue and is most similar to the facts of this case. The question presented there was whether the entire county attorney's office is disqualified from handling cases where the county attorney's spouse, a police officer, was to be called to testify. The Advisory Committee advised that the entire county attorney's office should be excluded, and a special prosecutor appointed, when the facts of a particular case create the appearance of impropriety. Importantly, the Advisory Committee stated that an appearance of impropriety would exist if a county attorney's spouse were the victim in a case. The opinion concluded that a county attorney, whose spouse is a police officer in the same county, is not disqualified from prosecuting a case in which the police department is involved unless the attorney's spouse will be called as a witness. The opinion stated that the county attorney would need to disclose the familial relationship with the police officer spouse. If the spouse is or may be a witness, the county attorney may not handle the case

---

[8] Neb. Ethics Adv. Op. for Lawyers No. 89-6 (1989).

personally, but the county attorney's exclusion does not extend to the entire office unless the appearance of impropriety exists under the facts of the particular case.

Most recently, in a 2010 Nebraska Ethics Advisory Opinion for Lawyers, the question addressed was whether an attorney, whose spouse works for DHHS in the jurisdiction where the attorney practices, can accept appointments in the juvenile court as guardian ad litem for minor children or as counsel for the parents.[9] The Advisory Committee looked to its prior opinions, which it stated had found there is generally no conflict of interest merely because an attorney's spouse or relative is employed by, or in some manner associated with, the opposing counsel or party. A key consideration is whether the attorney's professional judgment is adversely affected by the employment relationship of the attorney's spouse. The Advisory Committee stated its belief that, absent some extenuating circumstance, counsel should decline representation of a party in litigation when his or her spouse is sufficiently involved in the underlying facts to potentially be a material witness.

[3] As the foregoing demonstrates, whether a conflict of interest exists is a case-by-case determination to be made on the facts of the particular case. We find, in the context of this specific case, that Condon met his burden of proving that the entirety of the Lancaster County Attorney's office should not be removed from the underlying case.

[4] First, as seen in the language of § 23-1205 and in Neb. Ethics Adv. Op. for Lawyers No. 93-5, the potential conflicts of the county attorney and the deputy county attorneys should be considered. Basic principles of statutory interpretation generally require a court to give statutory language its plain and ordinary meaning.[10] Section 23-1205 clearly contemplates the "absence, sickness, disability, or

---

[9] Neb. Ethics Adv. Op. for Lawyers No. 10-02 (2010).

[10] See *Jones v. Colgrove*, 319 Neb. 461, 24 N.W.3d 1 (2025).

conflict interest of the county attorney and his or her deputies" when authorizing the appointment of a special prosecutor. The determination is not limited to the county attorney alone.

[5] Neb. Ethics Adv. Op. for Lawyers No. 93-5 further illustrates that the determination of a conflict of interest is personal. Here, the asserted conflict is with Condon's adult daughter, not a spouse as in Neb. Ethics Adv. Op. for Lawyers No. 93-5. Further, there is no evidence that Condon was personally involved with the underlying case. By all accounts, Condon's deputy county attorney was the only attorney assigned to the underlying case. The only appearance of impropriety asserted by the separate juvenile court was the deputy county attorney's employment in the county attorney's office and the fact that Condon is his boss. Condon and his daughter testified they did not discuss cases with each other. Condon testified that he would not take an adverse employment action for acting or refusing to act on a case because of his daughter's assignment. The deputy county attorney testified that he exercises independence on how to handle his case assignments.

In addition, the context of the Lancaster County Attorney's office is important. The office employs approximately 40 attorneys who serve in three separate divisions. Each division is headed by a chief deputy county attorney, who in turn has deputy county attorneys, such as the deputy county attorney here, underneath him or her. This structure supports a finding that the deputy county attorney's professional judgment would not be adversely affected and his representation of the State's interests would not be materially limited by Condon's daughter's involvement as a potential witness.

[6] Further, it is important to note that the underlying case is in the separate juvenile court. We have explained that the foremost purpose and objective of the Nebraska Juvenile Code, and therefore juvenile courts, is to promote and protect

the juvenile's best interests.[11] Condon's daughter's role as a DHHS caseworker is to work with families, provide support for the parents and the juveniles, and potentially testify on these matters. As mentioned in Neb. Ethics Adv. Op. for Lawyers No. 93-5, the situation would be different if she were a victim, rather than a potential witness.

The separate juvenile court took issue with the lack of disclosure of Condon and his daughter's familial relationship. And we agree with the Advisory Committee's opinions that there is a duty to disclose when the attorney assigned to the case has a familial tie to the potential witness. Notwithstanding, the parties in the underlying case now have notice of the relationship between Condon and his daughter. Had there been a showing that Condon exerted influence over the deputy county attorney in his handling of the underlying case or that Condon's professional judgment would be adversely affected by his daughter's presence as a potential witness, a finding of a conflict of interest disqualifying the Lancaster County Attorney's office may have been appropriate. But there is no such evidence here.

Accordingly, in this case, we find no evidence of a conflict of interest as contemplated by Nebraska law. Thus, we find that the appointment of a special prosecutor under § 23-1205 was unwarranted. Condon, as the elected county attorney, is not disqualified. Thus, Braaten's appointment is invalid.

## CONCLUSION

Condon's quo warranto action is granted. Braaten, through no fault of his own, is ousted from the office of special prosecutor in the matter of case No. JV-24-785.

JUDGMENT OF OUSTER.

---

[11] *In re Interest of Jeovani H.*, 316 Neb. 723, 6 N.W.3d 539 (2024).